UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

-----------------------------------------------------------

Bobby Rector, individually and on behalf of
himself and those similarly situated,

                    Plaintiff,

                                                 CIVIL ACTION

v.

                                                 COLLECTIVE ACTION COMPLAINT

Vital Diagnostics, Inc.,

                    Defendant.

-----------------------------------------------------------

        Plaintiff Bobby Rector ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, Nichols Kaster, PLLP, bring this action against Defendant Vital Diagnostics, Inc. ("Vital" or "Defendant"), for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").  Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b).  The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

        1.      This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201 et seq.

        2.      Venue is proper in the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because Defendant operates in this district and because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

3.      Vital is a foreign corporation with its principle place of business located at 27 Wellington Road, Lincoln, Rhode Island 02865.

4.      Defendant is a provider of products and services for the clinical laboratory in the traditional in-vitro diagnostics market. Defendant manufactures and distributes clinical chemistry and hematology analyzers along with reagents.  It sells and services products all over the country and including in the state of Georgia.

5.      Defendant operates in interstate commerce by, among other things, manufacturing and distributing products to customers in multiple states, including customers in the Northern District of Georgia.

6.      Upon information and belief, Defendant's gross annual sales made or business done has been in excess of $500,000 at all relevant times.

7.      At all relevevant times, Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

8.      Plaintiff Bobby Rector ("Plaintiff Rector") is an adult resident of Madison, Georgia.

9.      Plaintiff Rector worked for Defendant as a field service engineer from approximately June 2007 to December 31, 2011.

10.      Plaintiff Rector was assigned a territory that primarily covered the southeastern United States but also traveled to other areas of the United States during his employment.

11.      Plaintiff also performed work for Defendant out of his home office.

12.      Plaintiff brings this action on behalf of himself and all other similarly situated

individuals pursuant to 29 U.S.C. § 216(b).  Plaintiff and the similarly situated individuals were, or are, employed by Defendant as field service engineers, lab application specialists, instrument specialists or other job titles performing similar duties, across the country during the applicable statutory period.

13.     Plaintiff and all others similarly situated are current and former employees of Defendant within the meaning of the FLSA and were employed by Defendant within three years of the date this Complaint was filed.  See 29 U.S.C. § 255(a).

**FACTUAL ALLEGATIONS FOR ALL CLAIMS**

14.     At all times relevant herein, Defendant operated a willful scheme to deprive its field service engineers, lab application specialists, instrument specialists, and other titles performing similar duties, of overtime compensation.

15.     Plaintiff and the similarly situated are individuals who were or are employed by Defendant as field service engineers, lab application specialists, instrument specialists, or other job titles performing similar duties.  In these positions, their primary job duty was or is non-exempt work: installing, repairing, troubleshooting, servicing (which included ongoing customer support), validating and/or maintaining chemistry analyzers and the devices and equipment associated with.

16.     Plaintiff and the similarly situated individuals were or are paid a salary with no overtime pay.

17.     Defendant suffered and permitted Plaintiff and the similarly situated individuals to work more than forty (40) hours per week without overtime pay.

18.     During the applicable statutory period, Defendant classified Plaintiff and the similarly situated individuals as exempt from overtime compensation.

19.     Defendant was aware, or should have been aware, that Plaintiff and the similarly situated individuals performed non-exempt work that required payment of overtime compensation.  For instance, Defendant knew that Plaintiff and the similarly situated individuals worked overtime hours because Defendant assigned Plaintiff and the putative collective class members their work and required them to work long hours to complete all of their job responsibilities.

20.     Defendant was also aware of Plaintiff's and the similarly situated employees' work hours because Defendant required them to submit service reports/work orders, which reflected the employees' travel and labor hours for jobs they completed.

21.     Defendant did not keep accurate records of all of the hours worked by Plaintiff and the similarly situated individuals.

## FLSA COLLECTIVE ACTION ALLEGATIONS

22.     Plaintiff, on behalf of himself and others similarly situated, restates and incorporates by reference the above paragraphs as if fully set forth herein.

23.     Plaintiff files this action on behalf of himself and all similarly situated individuals.  The proposed FLSA Collective class is defined as follows:

> All persons who worked as field service engineers, lab application specialists, instrument specialists (or other job titles performing similar duties) for Vital Diagnostics, Inc. at any time since three years prior to the filing of this Complaint.

24.     Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b).  Plaintiff's signed consent form is attached as Exhibit A.

25.     An additional consent form is attached as Exhibit B.  As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

26.     During the applicable statutory period, Plaintiff and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation for their overtime hours worked.

27.     Upon information and belief, Defendant failed to preserve records relating to Plaintiff's and the similarly situated individuals' work hours as required by 29 C.F.R. § 516.2.

28.     Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 et seq., as described in this Complaint in ways including, but not limited to, failing to pay its employees overtime compensation.

29.     Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

30.     Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the similarly situated individuals.  Accordingly, notice should be sent to the FLSA Collective.  There are numerous similarly situated current and former employees of Defendant who have suffered from the Defendant's practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant, and are readily identifiable through Defendant's records.

**CAUSES OF ACTION**

**COUNT I – OVERTIME VIOLATIONS UNDER FEDERAL LAW**
**The Fair Labor Standards Act, 29 U.S.C. § 201 et seq.**
***On Behalf of Plaintiff and Those Similarly Situated***

31.     Plaintiff, on behalf of himself and all similarly situated individuals, restates and incorporates by reference the above paragraphs as if fully set forth herein.

32.     The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

33.     Defendant suffered and permitted Plaintiff and the FLSA Collective to routinely work more than forty (40) hours per week without overtime compensation.

34.     Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective at the required overtime rate.

35.     Defendant knew, or showed reckless disregard for the fact, that it failed to pay these individuals overtime compensation in violation of the FLSA.

36.     As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages.  Plaintiff and the FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

37.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, et seq.

38.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Defendant knew, or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, prays for relief as follows:

a) Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b) Judgment against Vital finding it misclassified Plaintiff and those similarly situated as exempt;

c) Judgment against Vital for Plaintiff and the similarly situated employees' unpaid back wages at the applicable overtime rates;

d) An amount equal to their damages as liquidated damages;

e) A finding that Vital's violations of the FLSA are willful;

f) All costs and attorneys' fees incurred prosecuting this claim;

g) An award of prejudgment interest (to the extent liquidated damages are not awarded);

h) Leave to add additional plaintiffs by motion, the filing of consent forms, or any other method approved by the Court;

i) Leave to amend to add additional state law claims; and

j) All further relief as the Court deems just and equitable.


Dated: March 14, 2014                    **AUSTIN & SPARKS, PC**

                                         s/John T. Sparks
                                         John T. Sparks, GA Bar No. 669575
                                         2974 Lookout Place NE, Suite 200
                                         Atlanta, GA 303058

T: (404) 869-0100
F: (404) 869-0200
E: jsparks@austinsparks.com

and

Rachhana T. Srey, MN Bar No. 340133*
NICHOLS KASTER, PLLP
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
T: (612) 256-3200
F: (612) 215-6870
E: srey@nka.com

*pro hac vice applications forthcoming

**Counsel for Plaintiff and Those Similarly Situated**